O

# United States District Court
# Central District of California

| | |
|---|---|
| JIM 72 PROPERTIES, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>MONTGOMERY CLEARNERS, d/b/a MONTGOMERY CLEANERS & PRESSERS and MONTGOMERY C H; ROBERT B. JASSO; VIOLA JASSO; JOHN W. RICH; FELIPE P. RENDON; RENDON PROPERTIES LLC; and DOES 1–100, inclusive,<br><br>            Defendants. | Case No. 2:15-cv-7543-ODW (FFMx)<br><br>**ORDER STAYING ACTION PENDING INDEPENDENT SITE INVESTIGATIONS** |

Plaintiff Jim 72 Properties, LLC brings suit against multiple defendants, including Felipe P. Rendon and Rendon Properties, LLC (collectively "Rendon"). Plaintiff claims to have a valid and lawful assignment to all rights to bring environmental claims relating to a specific parcel of real estate in Wilmington, California (the "Subject Property").

Rendon owns certain real property located at 1363–1367 North Avalon Boulevard, Wilmington, California, adjacent to the Subject Property. The property located at 1365 North Avalon is a dry cleaning business. (Compl. ¶¶ 11–12.) Plaintiff argues that prior dry cleaning activities performed on the Rendon property before and during Rendon's ownership caused chlorinated solvents to contaminate the soil and groundwater of the Rendon property, which then migrated to the soil and groundwater underneath the Subject Property. (Compl. ¶¶ 22–25.) Plaintiff alleges claims under the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)(B)[1] ("RCRA"), as well as state law claims for nuisance, negligence, and trespass. Plaintiff seeks damages and injunctive relief. (Compl. ¶¶ 34, 39–45, 51–58, 60–69.)

Rendon moved to dismiss the Complaint for lack of jurisdiction, arguing that Plaintiff holds neither title to the Subject Property nor a perfect, absolute, and complete assignment of rights, and thus lack standing to bring this claim. (ECF No. 15.) The Court denied the Motion. (ECF No. 23.) In response to a Court-ordered scheduling conference (as required under Federal Rule of Civil Procedure 16), parties now request that the Court refrain from setting a litigation schedule and instead stay the entire action pending additional site investigations of the Subject Property and Defendants' adjacent property. (Joint 26(f) Report 2, ECF No. 27.)

As parties stipulate, the additional site investigation is necessary to determine the nature and extent of the alleged environmental damage, the potential costs in addressing the damage, and the timeframe in which the damage began. (*Id.*) This

---

[1] Section 6972(a)(B) authorizes citizen suits under RCRA. Plaintiff here uses the authorizing statute to allege violations of RCRA itself. 42 U.S.C. §§ 6921, *et seq.*

1  study must be conducted with the oversight of government regulators, and the process
2  itself will be lengthy.  Therefore, the parties ask the Court to stay the action for the
3  duration of the site investigation process.  (*Id.* 2–3.)
4        Because the Court finds good cause for staying the action and because the Court
5  wishes to facilitate an efficient and cost-effective resolution of this case, the Court
6  hereby **STAYS** the entire action until December 31, 2016.  Parties are directed to file
7  quarterly reports updating the Court on the investigation's progress and to alert the
8  Court of any settlement negotiations.  These reports are to be filed on or before May 2,
9  2016; August 1, 2016; and November 1, 2016.  Should alternative dispute resolution
10 attempts fail to result in a settlement, parties are to submit a new joint 26(f) Report by
11 February 6, 2017, and the Court will set a trial date.
12
13       **IT IS SO ORDERED.**
14
15       February 5, 2016
16
17                                     _____
18                                       **OTIS D. WRIGHT, II**
19                             **UNITED STATES DISTRICT JUDGE**
20
21
22
23
24
25
26
27
28